Ruffin, C. J.
John Davis died intestate; seized in fee of a tract of land'situated in Mecklenburg county, and containing ninety-nine acres. He left seven children and two grand-children, who were the issue of a deceased daughter, to whom the land descended, as tenants in common. One Of the'sons, Robert B. Davis, and the two- grand-children, *610 filed a petition in the Court of Equity, against the other six children, and therein alleged, that the land could not be divided without prejudice to the parties interested, and thereupon prayed that a sale should be decreed upon proper terms, for the purposes of partition. The defendants an - swered, that one of them, Semple Davis, had purchased from the other five of them, their several shares, so as, with, his own original share, to entitle him to six shares of the land, out of eight. And he says further, that he ownes other land adjoining this tract, which would be rendered of much less value to him, if he did not likewise own his parts of the land descended from his father, and he states, that partition might be made by allotting to the petitioners their two shares, together, and to him the six parts thereof, to which lie is entitled, in one body, without prejudice to the interests of either of the parties, but to the advantage of all of them. The case was set for hearing on the petition and answer, and, on the hearing, the court refused to decree a sale and dismissed the petition with costs, from which the plaintiffs appealed. No other decree, it seems to us, could have been made, than the one that was made. The cause was heard without proof, and upon- the answer, admitted to be true, and the court was obliged to- take it, that actual partition could properly be made, without prejudice to any party, and that a sale could not be made but to the prejudice of the defendant Semple. But it was insisted at the bar, (hat the answer itself furnished a sufficient ground to decree the sale, as prayed, in as much as the Judges must understand, that so-small a tract of land could not be actually divided among so many persons, without a prejudice to the owners, each of whom would get a title more than twelve acres in severalty, which in this State must be of little or no value for purposes of agriculture, We answer that the courtis not at liberty to make such an inference against the positive statements of the answer, touching the effects of a sale or partition of the land upon the interests of the several proprietors. But, furthermore, ifdoes not appear that this land is valuable only for'%griculture, in the common acceptation *611 of the term. Its situation does not appear, nor its quality. It may have minerals on it, or it may be .near Charlotte, or there may be many other circumstances, which would render even so small a parcel as twelve acres of. value sufficient to render it proper to divide the land itself among the claimants, instead of selling it. Prima facie each party is entitled to actual partition, and it is incumbent on him, who asks for a sale, to shew that his advantage will be promoted by it, and that no loss will be worked' by it to any other party.
Per Curiam. Decree affirmed with costs.